## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN WOODS, individually and on behalf of a class of all others similarly situated. | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:17-cv-00152 |
| CV MCDOWELL, LLC, a Florida Corporation, d/b/a RX Pharmacy Services and Express RX Pharmacy Services, | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
## FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227, ET SEQ.
## (TELEPHONE CONSUMER PROTECTION ACT)

Plaintiff John Woods (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations and claims against CV McDowell, LLC doing business as RX Pharmacy Services and/or Express RX Pharmacy Services ("Defendant") upon personal knowledge, investigation of counsel, and on information and belief as follows:

### I.      INTRODUCTION

1.      Plaintiff brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") by Defendant and its present, former, and/or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities.

2.      Defendant has violated, and continue to violate, the TCPA by contacting Plaintiff

and others similarly situated on their telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or using "an artificial or prerecorded voice" as described in 47 U.S.C. §§ 227(b)(1)(A) and (B), without their prior express consent within the meaning of the TCPA.

3.      Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from Defendant's conduct in violation of the TCPA.

## II.      JURISDICTION AND VENUE

4.      This case alleges violation of a federal statute, giving this Court federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5.      On information and belief, venue is proper in this district pursuant to 47 U.S.C § 227(b)(3) and (5) and 28 U.S.C § 1391.

## III.      PARTIES

6.      Plaintiff John Woods is an individual and resident of Harris County, Texas who was subjected to a TCPA violation as alleged in this Complaint.

7.      Upon information and belief, CV McDowell, LLC was doing business throughout the Class Period as RX Pharmacy Services and/or Express RX Pharmacy Services and is a Florida corporation with its principal place of business at 2740 E. Oakland Park Blvd., Suite 205, Fort Lauderdale, FL 33306.  Plaintiff is informed and believes that Defendant operated in every state, including Texas, throughout the Class Period.

## IV.      THE TELEPHONE CONSUMER PROTECTIONS ACT OF 1991 (TCPA), 47 U.S.C. § 227

8.      In 1991, Congress enacted the TCPA[1] in response to a growing number of

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

consumer complaints regarding certain telemarketing practices.

9.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227 (b)(1)(A)(iii) and (b)(1)(B) prohibits the use of autodialers to make any call to a wireless or residential number in the absence of an emergency or the prior express consent of the called party.

10.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  In addition, the FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[2]

11.     Most recently, in 2012, the FCC revised its TCPA rules to require telemarketers (1) to obtain *prior express written* consent from consumers before making a call to a person that would otherwise be in violation of the TCPA, and (2) to require telemarketers to provide an automated, interactive "opt-out" mechanism during each call so consumers may immediately tell the telemarketer to stop calling.[3]

12.     The FCC has also made clear statements regarding the TCPA's vicarious liability standards as it relates to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call."[4]  The FCC has also clarified that vicarious liability is imposed under federal common law principles of

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[3] *In re Joint Petition Filed by Dish Network, LLC,* 28 FCC Red. 6574, 6574 *(2013)("Dish Network Ruling").*

[4] *In re Rules and Regulations Implementing the TCPA of 1991,* 10 FCC Red. 12391, 12397 ("*1995 Ruling").*

agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers.[5]

## V.  FACTUAL ALLEGATIONS

13.     At all relevant times, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

14.     Defendant is and at all times mentioned herein was, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153(39).

15.     On information and belief, Plaintiff alleges that Defendant conducts business in the State of Texas and within this judicial district.

16.     During the relevant time period, Defendant called Plaintiff on his telephone while he was located in the State of Texas in an attempt to solicit a variety of pharmaceutical prescription products, including but not limited to, pain cream.  Plaintiff received multiple such calls and has, at the time of the filing of this complaint, received approximately nine (9) calls from Defendant.

17.     On information and belief, Defendant, or its agents, called Plaintiff on his telephone via an automatic telephone dialing system (ATDS), as defined by 47 U.S.C. § 227(a)(1).  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     Plaintiff did not provide express consent to receive automated calls by Defendant on his telephone.[6]

19.     Defendant did not make telephone calls to Plaintiff's telephone "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A) and (B).

---

[5] *Dish Network Ruling,* 18.
[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. 559, 564-65 (2008)(¶ 10).

20.     Under the TCPA and pursuant to the FCC's January 2012 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.[7]

## VI.    CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

22.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Defendant through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families; and claims for personal injury, wrongful death and/or emotional distress.

23.     On information and belief, Plaintiff believes there are thousands of Class members geographically dispersed throughout the United States.  Therefore, individual joinder of all members of the Class would be impracticable.

24.     Plaintiff and all members of the Class have been harmed by the acts of Defendant when it, either directly or through their agents, illegally contacted Plaintiff and Class members via their telephones by using and autodialer and/or prerecorded voice message.

---

[7] *See id*.

25.     This Class Action Complaint seeks injunctive relief and money damages.

26.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

27.     There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions that may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a.     Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;
    b.      Whether Defendant can meet its burden of showing they obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;
    c.     Whether Defendant's conduct was knowing and/or willful;
    d.     Whether Defendant is liable for damages, and the amount of such damages; and
    e.     Whether Defendant should be enjoined from engaging in such conduct in the future.

28.     As a person who received calls from Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice, without prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests that are antagonistic to any member of the Class.

29.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer and employee protection statutes.

30.     A class action is the superior method for the fair and efficient adjudication of this

controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA is relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

31.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.     CAUSES OF ACTION

**COUNT I:**     ***Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ET SEQ.***

32.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

33.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above- cited provisions of 47 U.S.C. § 227 *et seq.*

34.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

35.     Plaintiff and all Class members are also entitled to and do seek injunctive relief

prohibiting such conduct violating the TCPA by Defendant in the future.

36. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### COUNT II: Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *ET SEQ.*

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

38. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

41. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### VIII. JURY DEMAND

42. Plaintiffs demand a trial by jury.

### IX. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b.      As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.      As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

d.      An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

e.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

f.      Such other relief as the Court deems just and proper.

Dated: January 18, 2017

Respectfully submitted,

CASTILLO SNYDER, P.C.

By: */s/ Edward C. Snyder*
    Edward C. Snyder
    S. Dist. Federal I.D. No. 20133
    esnyder@casnlaw.com
    Jesse R. Castillo
    S. Dist. Federal I.D. No. 20726
    jcastillo@casnlaw.com
    700 N. St. Mary's Street, Suite 405
    San Antonio, Texas  78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

    Attorneys for Plaintiff John Woods,
    On Behalf of Himself and All Others Similarly
    Situated

THE COOPER LAW FIRM, P.C.
Scott B. Cooper (*pro hac vice pending*)
scott@cooper-firm.com
Samantha A. Smith (*pro hac vice pending*)
samantha@cooper-firm.com
4000 Barranca Parkway, Suite 250
Irvine, California  92604
Telephone: (949) 724-9200
Facsimile: (949) 724-9255