United States District Court
Southern District of Texas
**ENTERED**
February 06, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN WOODS, Individually and on behalf of a class of all other similarly situated, § § § Plaintiff, § § V. § CIVIL ACTION NO. H-17-0152 § CV MCDOWELL, LLC, a Florida Corporation § d/b/a RX Pharmacy Services and Express RX § Pharmacy Services, § § Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred by the District Judge is Plaintiff's Motion for Default Judgment against Defendant CV McDowell, LLC (Document No. 22). Having considered the motion, the Clerk's prior entry of Default against Defendant, Plaintiff's affidavit evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion for Default Judgment (Document No. 22) be GRANTED.

Plaintiff John Woods, individually and on behalf of a class of all others similarly situated, filed suit against Defendant CV McDowell, LLC for violations of the Telephone Consumer Protection Act. A Default was entered by the Clerk when Defendant did not file an answer or other responsive pleading (Document No. 13). Plaintiff filed a First Amended Complaint against Defendant CV McDowell, LLC on August 22, 2017, alleging that Defendant violated the Telephone Consumer Protection Act "by contacting Plaintiff and other similarly situated on the telephones via an 'automatic telephone dialing system,' as defined by 47 U.S.C. § 227(a)(1), and/or by using 'an artificial or prerecorded voice' as described in 47 U.S.C. §§ 227(b)(1)(A) and (B), without their prior express consent within the meaning of the TCPA [Telephone Consumer Protection Act]." Plaintiff's

First Amended Complaint (Document No. 14) at 1-2. The Clerk again, on October 27, 2017, entered a default against Defendant CV McDowell, LLC when Defendant did not file an answer or other responsive pleading (Document No. 21). Plaintiff has now moved for a Default Judgment against Defendant, seeking $16,500.00 in statutory damages.

## Default Standard(s)

FED. R. CIV. P. 55 sets forth the rules and procedures for both the entry of default against a party that has failed to plead or otherwise defend, and the subsequent entry of a default judgment. Under Rule 55(a), the entry of a default is required "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Once a default has been entered, a default judgment may be entered by the Clerk or by the Court.

By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—may enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. FED. R. CIV. P. 55(b)(1).

By the Court. In all other cases when the amount of the claim is not certain and cannot be made certain, the party must apply to the Court for a default judgment. FED. R. CIV. P. 55(b)(2). A default judgment may be entered against a minor or incompetent person only if represented by a "general guardian, conservator, or other like fiduciary who has appeared." *Id.* If the party or its representative, against whom default judgment is sought, has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. *Id.* Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. The Court

"may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate the judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2).

An entry of default judgment is within the court's discretion. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d. 886, 893 (5th Cir. 1998). The Fifth Circuit has noted that the Federal Rules of Civil Procedure disfavor default judgments and that they should only be resorted to by courts in extreme situations. *Id.* ("The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.")

Courts should consider the following factors when determining whether to enter default judgment: "whether material issues of fact are at issue, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* Additionally, a court should consider: if the court has personal jurisdiction over the parties; whether the party against whom default judgment is sought was properly and timely served; if the party is a minor, incompetent, or is serving in the military; and if the party failed to timely appear or otherwise file a responsive pleading pursuant to Fed. R. Civ. P. 12(a)(1)(A). *See Lindig Construction & Trucking, Inc. v. Bonelli*, 2016 WL 8677200 (W.D. Tex. 2016).

If the court determines that default judgment should be granted, the court must also determine the appropriate amount of damages. FED. R. CIV. P. 55(b)(2)(A)-(B) allows the court to conduct a

hearing for an accounting or to determine the amount of damages. Generally, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, the court has "wide latitude" to determine that damages capable of "mathematical calculation" may be calculated without first holding a hearing. *Id.* at *3 (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Moreover, a hearing is not necessary if the court finds that the affidavits and other documentary evidence are sufficient to determine damages. *Am. Heritage Life Ins. Co. v. Mitchell*, 6:15-cv-95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016). Fed. R. Civ. P. 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010).

## Discussion

Here, the record supports the entry of a Default Judgment against Defendant on Plaintiff's individual claims.[1] The record reveals no material issues of fact and the grounds for default are clearly established. Plaintiff alleges in its Complaint that Defendant violated the Telephone Consumer Protection Act (TCPA) as follows:

> 16. During the relevant time period, Defendant called Plaintiff on his telephone while he was located in the State of Texas in an attempt to solicit a variety of pharmaceutical prescription products, including but not limited to, pain cream. Plaintiff received multiple such calls and has, at the time of the filing of this complaint, received approximately nine (9) calls from Defendant.
>
> 17. On information and belief, Defendant, or its agents, called Plaintiff on his telephone via an automatic telephone dialing system (ATDS), as defined by 47 U.S.C. § 227(a)(1). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

---

[1] Plaintiff's First Amended Complaint contains class action allegations, but Plaintiff has not moved for class certification, and instead seeks, with the Motion for Default Judgment, a judgment on only his individual claims.

4

18. Plaintiff did not provide express consent to receive automated calls by Defendant on his telephone.

19. Defendant did not make telephone calls to Plaintiff's telephone "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A) and (B).

Plaintiff's First Amended Complaint (Document No. 14) at 4. These well pleaded facts are deemed admitted by virtue of Defendants' failure to file a responsive pleading. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."); *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint").

Under 47 U.S.C. § 227(b)(1)(B),

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --
(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B).

The facts alleged in Plaintiff's First Amended Complaint, coupled with the contents of Plaintiff's affidavit (Document No. 22-1) establish Defendant's violation of § 227(b)(1)(B). Plaintiff states as following in the affidavit he submitted in support of his Motion for Default Judgment:

From December 2014 through March 2015, I received eleven (11) unsolicited phone calls from a company I believe to be the Defendant in this matter, all from the same phone number. The caller was attempting to sell a variety of pharmaceutical products, including but not limited to, pain cream.

I did not provide consent to receive these calls. There was no emergency purpose for these calls.

(Document No. 22-1). Plaintiff is therefore, based on the allegations in the First Amended Complaint that are deemed admitted, along with the contents of Plaintiff's affidavit, entitled to a default judgment establishing Defendant's liability for violating 47 U.S.C. § 227(b)(1)(B).

As for Plaintiff's request for damages associated with that violation, because Plaintiff seeks statutory damages and because the evidence submitted by Plaintiff is sufficient for purposes of determining an appropriate statutory damages award, a hearing is not needed to resolve Plaintiff's Motion for Final Default Judgment. *See e.g., J&J Sports Productions, Inc. v. Bermudez*, Civil Action No. SA-17-CV-387-XR, 2017 WL 4448244 (W.D. Tex. Oct. 15, 2017) (concluding that where Plaintiff provided "detailed affidavits in support of its damages claims" an evidentiary hearing was not needed to determine damages under the Communications Act)

Under § 47 U.S.C. § 227(b)(3)(B), damages for violations of § 227(b)(1)(B) are available as follows:

> A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State –
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

Here, Plaintiff seeks $1,5000 in damages for each of the eleven (11) unsolicited calls Plaintiff received from Defendant, based on Defendant's alleged willful violation of § 227(b)(1)(B). But, while Plaintiff attests that he received eleven (11) such calls, Plaintiff's First Amended Complaint only makes mention of nine (9) calls. Under FED. R. CIV. P. 54(c), "[a] default judgment must not

differ in kind from, or exceed in amount, what is demanded in the pleadings." That means, for purposes of this case, that notwithstanding Plaintiff's affidavit evidence, Plaintiff is only entitled to recover for the nine violations of § 227(b)(1)(B) alleged in Plaintiff's First Amended Complaint. Those nine violations warrant an award of statutory damages in the amount of $4,500.00. As for Plaintiff's request for treble damages based on Defendant's alleged willful violations, there are simply insufficient allegations in the Complaint, and no evidence submitted by Plaintiffs with his Motion for Default Judgment, that would support an award of treble damages based on defendant's willful violations of § 227(b)(1)(B). *See Spears v. North American Holdings, LLC,* Case No. 8:16-cv-392-MSS-TBM, 2016 WL 8999462 *5 (M.D. Fla. Aug. 31, 2016) ("Aside from Plaintiff's conclusory allegation that 'Defendant[s'] actions were willful,' Plaintiff offers no factual assertions or evidence by which the Court can deduce that Defendants' actions were willful."); *Health One Medical Center, Eastpointe v. Mohawk, Inc.,* Case No. 16-cv-13815, 2017 WL 1132337 *2 (E.D. Mich. Mar. 27, 2017) (denying request for treble damages under the TCPA where plaintiff's allegations were insufficient to support a conclusion that defendant's actions were willful). For that reason, damages should be limited to the $500 per violation set forth in § 227(b)(3)(B) for each of the nine phone calls alleged in the Complaint to have violated § 227(b)(1)(B). *See e.g., Castro v. Capital One Services, LLC,* Case No. 8:16-CV-889-T-17TGW, 2017 WL 4776973 *5 (M.D. Fla. Aug. 3, 2017) (limiting award under TCPA to the statutory amount of $500 per violation "given the lack of record evidence regarding the alleged willfulness of the Defendants' conduct" ).

### Conclusion and Recommendation

For the reasons set forth above, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Default Judgment (Document No. 22) be GRANTED, and that a Default Judgment be

entered against Defendant, with Plaintiff being awarded $4,500.00 damages on his individual claims under the TCPA.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 5th day of February, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE